IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JAN 28 PM 4:49
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE4,
Plaintiff,

-vs-

Case No. A-13-CA-431-SS

WALTER LEE HALL, JR.,
Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff U.S. Bank National Association's Motion for Summary Judgment and Application for Permanent Injunction [#11]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

As the complaint appropriately states: "This lawsuit seeks to put an end to years of trespass, abuse of the courts, and fraudulent filings in the real property records—all relating to one residential property." Compl. [#1], at 2. Plaintiff is U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Pass-Through Certificates, Series NC 2005-HE4 (the Trust). At all times on and after June 5, 2007 the Trust was, and is, the sole owner in fee simple of a parcel of real property located in Travis County, Texas (the Property), which is more specifically described as follows:

LOT 1, BLOCK "F", IN FALCON POINTE SECTION ONE, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN DOCUMENT NUMBER 200100273 OF THE OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS.

The address of the Property is 19702 Mallard Pond Trail, Pflugerville, Texas 78660, and is also known as 19701 Spotted Owl Lane, Plugerville, Texas 78660.

On or about February 16, 2005, Defendant Walter Lee Hall, Jr., purchased the Property and thereby obtained title to the Property. In connection with the purchase, Hall executed a Deed of Trust to secure payment of a mortgage note in the amount of $232,000.00. The original lender was New Century Mortgage Corporation. Hall also signed a Purchase Money Deed of Trust securing payment of a second note in the amount of $58,000.00.

Hall subsequently defaulted on his mortgage, and on May 1, 2006, Hall filed for bankruptcy in the United States Bankruptcy Court for the Western District of Texas in Cause No. 06-10657-FRM. After being dismissed for failing to file the appropriate schedules, Hall filed a second bankruptcy on August 15, 2006 in Cause No. 06-11248-FRM. This case was also dismissed on April 23, 2007. During the pendency of this second bankruptcy, Hall recorded in the Travis County Official Public Records four purported deeds attempting to convey interests in the Property to various entities he had organized and owned.

On May 11, 2007, after the dismissal of the second bankruptcy, the Trust appointed a substitute trustee under the Deed of Trust, and on June 5, 2007, the substitute trustee sold the Property to the Trust at a foreclosure sale for $231,275.00. On June 6, 2007, the substitute trustee executed a Substitute Trustee's Deed, and at all times on or after June 5, 2007, the Trust was entitled to possession of the Property. The Trust filed a complaint for forcible entry and detainer with the

Justice of the Peace, Precinct 2, Place 1, in Travis County, on June 25, 2007, under Cause No. 048875. After a trial on the merits, the Justice Court awarded possession to the Trust.

During May and June 2007, however, Hall recorded multiple documents in the Travis County Official Public Records pertaining to the Property and his mortgage. These documents included fraudulent attempts to release the Deed of Trust and Purchase Money Deed of Trust and to convey the Property to Hall, entities he owned, his minor children, and various bankrupt individuals. In September 2007, the Trust filed a lawsuit in Travis County state district court in order to invalidate Hall's fraudulent recorded documents. On January 31, 2008, the Trust obtained a judgment declaring the Deed of Trust and the Substitute Trustee's Deed were not void, Hall's purported releases of lien were without effect, and the purported conveyances executed by Hall were fraudulent.

Nevertheless, Hall has continued to engage in fraudulent activity with respect to the Property, including multiple recordings of documents in the Travis County Official Public Records falsely claiming ownership of the Property in Hall. Hall's fraudulent activity additionally includes multiple recordings of notices of *lis pendens*, despite those lawsuits having no legal effect on the Property. Hall has not had these lawsuits cancelled or removed despite those lawsuits resolving in favor of the Trust. On July 16, 2012, Hall unlawfully entered upon the Property and changed the locks. Since 2006, Hall has recorded at least thirty documents in the real property records seeking to interfere with the Trust's rights to the Property. Since 2006, Hall has initiated at least thirty cause numbers combined in justice court, county court, district court, court of appeals, and supreme court, all of which relate to his alleged ownership of the Property, and none of which have been resolved in his favor.

The Trust filed a complaint in this Court against Hall on May 24, 2013, alleging the following causes of action: (1) trespass to try title, (2) trespass to real property, and (3) suit to quiet title and for declaratory judgment.

Hall filed a motion to dismiss based on *forum non conveniens* and, in the alternative, a motion to transfer, which the Court denied in its Order of October 18, 2013 [#9]. On December 3, 2013, the Trust filed a Motion for Summary Judgment and Application for Permanent Injunction [#11], to which Hall has not filed a response. The Court now considers the motion.

### Analysis

As an initial matter, the Court notes Hall has not filed a response to the Trust's motion for summary judgment, a motion filed on December 3, 2013. Indeed, Hall has not filed anything in this case since August 20, 2013, when he filed his motion to dismiss or, alternatively, transfer, a motion ultimately denied October 18, 2013. Because Hall has not filed a response, the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). The Court nevertheless briefly addresses the merits of the motion below, and agrees with the Trust's position.

### I.  Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all

inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.   Application

### A.   Trespass to Try Title

The summary judgment evidence clearly shows the Trust has title to the Property. In connection with the purchase of the Property in February 2006, Hall executed a Deed of Trust securing payment on his mortgage note with the Property. *See* Pl.'s Mot. Summ. J. [#11-1], Ex. 3. On June 5, 2007, the Trust was assigned the Deed of Trust. *See id.*, Ex. 6. Also on June 5, 2007, the Trust purchased the Property at a foreclosure sale by Substitute Trustee's Deed pursuant to the Deed of Trust. *See id.*, Ex. 21. This chain of recorded instruments demonstrates the Trust is entitled to judgment on its claim of trespass to try title. *See Logan v. First Bank of Hous.*, 736 S.W.2d 927, 929–30 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.). Indeed, the Trust obtained a final judgment from a Texas state district court, declaring neither the Deed of Trust nor the Substitute Trustee's Deed were void, without consideration, or illegal. *See* Pl.'s Mot. Summ. J. [#11-2], Ex. 29.

Hall's fraudulent tactics and purported prior conveyances of the Property do not impair the Trust's title to the Property. The Trust details Hall's various attempts to convey the property in its motion for summary judgment and effectively demonstrates why none of them impair the Trust's valid title to the Property. *See* Pl.'s Mot. Summ. J. [#11], at 3–5.

The Court GRANTS summary judgment in favor of the Trust with respect to its cause of action for trespass to title.

**B.    Quiet Title Claim, Declaration the Notices of Lis Pendens Recorded by Hall are Cancelled, and Declaration All Other Documents Relating to the Property and Recorded by Hall on or after May 1, 2007, are Invalid**

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove." *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op., not designated for publication). To quiet title in his favor, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Hall has recorded in the Travis County Public Records at least fourteen notices of *lis pendens* regarding the Property. The Trust is requesting the Court quiet title to the Property in the Trust and declare each notice of *lis pendens* recorded by Hall to be of no force and effect. The Trust wants these notices declared cancelled because they all relate to underlying cases which have been disposed of against Hall and in favor of the Trust. The Trust also contends Hall was disingenuous to record the notices in the first place since the underlying lawsuits could not have impacted the Trust's title to the Property. The Court agrees with the Trust. The Trust details the fourteen notices of *lis pendens* in its motion for summary judgment. *See* Mot. Summ. J. [#11], at 6–11. The Court declares

these recorded instruments are of no force or effect, should be removed from the property records, and are cancelled.

Hall has also recorded in the Travis County Official Public Records at least fourteen instruments in an attempt to misrepresent himself as the record title holder of the Property. The Trust is requesting the Court declare each instrument to be invalid and of no force or effect. The Trust contends half of the instruments are purported releases and conveyances which have already been declared fraudulent by a Travis County state district court, and the other half set forth claims of title to the Property which are factually and legally incorrect, invalid, and ineffective. The Trust complains these instruments, despite their invalidity, cloud the Trust's title to the Property. The Court agrees with the Trust. The Trust details these fourteen recorded instruments in its motion for summary judgment. *See* Pl.'s Mot. Summ. J. [#11], at 12–18. The Court declares these recorded instruments are invalid and of no force or effect, and should be removed from the property records.

The Court also GRANTS summary judgment in favor of the Trust on its quiet title action.

### D.     Permanent Injunction against Hall's Fraudulent Activities Relating to the Property

The Trust finally requests a permanent junction because of the substantial likelihood Hall will continue his wrongful behavior with respect to the Property. Specifically, the Trust argues it is entitled to a permanent injunction against:

(1)   Hall's filing any pleading, motion, or other document in court (other than in a direct appeal of this suit) disparaging the Trust's title by alleging the Trust does not own or rightfully possess the Property, the Deed of Trust or Substitute Trustee's Deed is invalid or ineffective, or Hall (or his family members or any entity he owns or operates) is an owner of the Property or entitled to possess or control the Property;

(2)   Hall's creating, executing, or signing—or filing or recording in the Travis County Official Public Records—any document disparaging the Trust's title

        by alleging the Trust does not own or rightfully possess the Property, the Deed of Trust or Substitute Trustee's Deed is invalid or ineffective, or Hall (or his family members or any entity he owns or operates) is an owner of the Property or entitled to possess or control the Property;

(3)     Hall's reentering or remaining on the Property, or otherwise exercising possession or control of the Property;

(4)     Hall's interfering or threatening to interfere with the Trust's ownership of or title to the Property and the Trust's possession, use, or maintenance of the Property.

Mot. Summ. J. [#11], at 18–20.

A party requesting an injunction, in addition to prevailing on the merits, must establish there is a substantial threat of irreparable injury, the threatened injury outweighs the potential injury to the opposing party, and the injunction will not disserve the public interest. *See Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006).

Hall has a long "history of frivolous, vexatious litigation" with this Court. *See In re Sanchez*, No. 13-CV-00019-SS, (W.D. Tex. Mar 15, 2013) (Contempt Order [#15]) (documenting just some of Hall's track record in a section titled Hall's "History of Frivolous, Vexatious Litigation"). In this case alone, Hall's fraudulent pattern of behavior has denied the Trust its right to the Property, clouded its title, and denied the Trust exclusive access to the Property for approximately seven years. Given Hall's background and his specific abuses in this matter, the Court GRANTS the Trust's requested permanent injunction. The injunction is limited to Hall's actions concerning the Property at issue in this case. If he violates the terms of this injunction as it relates to the Property, Hall can expect both monetary sanctions and confinement.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff U.S. Bank National Association's Motion for Summary Judgment and Application for Permanent Injunction [#11] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff U.S. Bank National Association's requested declaratory relief is GRANTED, as set forth in the accompanying judgment to this opinion;

IT IS FINALLY ORDERED that Plaintiff U.S. Bank National Association's Application for Permanent Injunction [#11] is GRANTED, as described in this opinion.

SIGNED this the 28th day of January 2014.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE